IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:05CR271 |
| | ) | |
| vs. | ) | REPORT AND |
| | ) | RECOMMENDATION |
| RICHARD A. COMBS, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the motion to dismiss filed by the defendant Richard A. Combs (Combs) (Filing No. 12). Combs is charged in a one-count Indictment with knowingly possessing and receiving four firearms after having been convicted of a misdemeanor crime of domestic violence in violation of 18 U.S.C. § 922(g)(9). Combs urges the court to dismiss the indictment because his conviction cited by the government as the predicate for the charged offense does not meet the definition of a "misdemeanor crime of domestic violence" as provided for in 18 U.S.C. § 921(a)(33).

On August 25, 2005, the court held an evidentiary hearing on the motion. No witnesses testified during the hearing; though the court received into evidence the following six exhibits regarding Combs's conviction in the Municipal Court of Great Bend, Kansas, Case Numbers 97D2719 / 97C3300:  Exhibit 1 - Waiver of Counsel form; Exhibit 2 - Minutes and Complaint; Exhibit 3 - Order and Sentencing form; Exhibit 4 - Order of Probation/Parole; Exhibit 5 - Kansas Statutes Annotated § 22-3404 (2005); Exhibit 6 - Kansas Statutes Annotated § 12-4502 (2005)**.  See** Filing No. 19.  The transcript of the hearing was filed on August 31, 2005 (TR.).  **See** Filing No. 20.  Combs filed a brief (Filing No. 13) in support of his motion.  The government filed a brief in opposition to the motion (Filing No. 16).  Following the hearing, the government filed a Supplemental Memorandum (Filing No. 23).  Combs subsequently filed a brief (Filing No. 24) in response to the government's supplemental memorandum.  Additionally, the court took judicial notice of the August 10, 2005 report and recommendation in the case of **United States v. Estle**, No. 04-536 (D. Neb. Aug. 10, 2005) (unpublished).

## FINDINGS OF FACT

On October 26, 1997, Combs was charged with battery by hitting Bonnie Combs in the face. Exhibit 2. On May 7, 1998, Combs appeared before the Municipal Court of Great Bend, Kansas (the Kansas Municipal Court). Exhibit 2. Combs executed a Waiver of Counsel form on that date, such form stating Combs waived his right to be represented by counsel in defending against the charged battery offense. Exhibit 1. On that same day, Combs, following a plea of not guilty, was convicted by the Kansas Municipal Court of a misdemeanor offense. Exhibits 2, 3. The Kansas Municipal Court sentenced Combs to two days in jail and six months of probation/parole, and ordered Combs to pay a $100.00 fine and $20.00 in court costs. Exhibits 2, 3, 4.

Under Kansas law, a criminal defendant whose proceeding is in a municipal court must proceed to trial before the court. **See** Exhibit 5 (Kan. Stat. Ann. § 22-3404 (2005)); Exhibit 6 (Kan. Stat. Ann. § 12-4502 (2005)); **see also** Kan. Stat. Ann. §§ 12-4502; 22-3404(3) (1997).

## ANALYSIS

Combs moves the court to dismiss the indictment because his May 7, 1998 conviction for battery does not satisfy the predicate offense requirement of 18 U.S.C. §§ 922(g)(9) and 921(a)(33). Combs argues that at the time of his trial on the charged battery offense, Combs was entitled to a trial by jury under Kansas law but never knowingly, intelligently or voluntarily waived his right to a trial by jury. Initially Combs also argued he had never knowingly, intelligently or voluntarily waived his right to counsel, but such argument was withdrawn at the August 25, 2005 hearing, when the government provided Combs's counsel a copy of the executed Waiver of Counsel form. **See** Exhibit 1.

The government opposes the motion to dismiss. The government argues the Kansas judicial system did not entitle Combs to a jury trial on the battery offense because Combs was tried in municipal court. **See** Exhibits 5, 6. Therefore, since Kansas law does not provide that Combs was entitled to a jury, the government need not prove the jury right was waived to

satisfy the statutory definition of "misdemeanor crime of domestic violence" in 18 U.S.C. § 921(a)(33).

Section 922(g)(9) of Title 18 of the United States Code criminalizes both the possession in or affecting commerce of any firearm or ammunition, and the receipt of any firearm or ammunition which has been shipped or transported in interstate commerce, by "any person . . . who has been convicted in any court of a misdemeanor crime of domestic violence." 18 U.S.C. § 922(g)(9). Congress provided a distinct definition for the phrase "misdemeanor crime of domestic violence," to wit, in relevant part:

> (A) [T]he term "misdemeanor crime of domestic violence" means an offense that–
>
> (i) is a misdemeanor under Federal or State law; and
> (ii) has, as an element, the use or attempted use of physical force, or the threatened use of a deadly weapon, committed by a current or former spouse, parent, or guardian of the victim, by a person with whom the victim shares a child in common, by a person who is cohabiting with or has cohabited with the victim as a spouse, parent, or guardian, or by a person similarly situated to a spouse, parent, or guardian of the victim.
>
> (B) (i) A person shall not be considered to have been convicted of such an offense for purposes of this chapter [18 USCS §§ 921 et seq.], unless–
>
> (I) the person was represented by counsel in the case, or knowingly and intelligently waived the right to counsel in the case; and
>
> (II) in the case of a prosecution for an offense described in this paragraph for which a person was entitled to a jury trial in the jurisdiction in which the case was tried, either
>
> (aa) the case was tried by a jury, or
> (bb) the person knowingly and intelligently waived the right to have the case tried by a jury, by guilty plea or otherwise.

18 U.S.C. § 921(a)(33). "Whether a predicate offense qualifies as a 'misdemeanor crime of domestic violence' pursuant to 18 U.S.C. § 921(a)(33) is a question of law rather than a separate and essential element of a violation of § 922(g)(9) which must be proved to the jury

3

beyond a reasonable doubt." **United States v. Hayes**, 377 F. Supp. 2d 540, 541 (D. Va. 2005) (**citing United States v. Bethurum**, 343 F.3d 712, 716-17 (5th Cir. 2003); **United States v. Artis**, 132 Fed. Appx. 483, 484 (4th Cir. May 27, 2005) (per curiam) (unpublished)); **cf. United States v. Pfeifer**, 371 F.3d 430, 434 (8th Cir. 2004) ("The courts that have addressed the issue directly have interpreted § 921(a)(33)(B)(i) as creating a legal definition to be decided by the court as a matter of law rather than by a jury as an element of the crime.").

Combs does not argue that the government cannot satisfy subsection (A). **Cf. Smith**, 171 F.3d at 620 (holding "that while § 921(a)(33) requires proof of a domestic relationship, it requires the predicate misdemeanor to have only one element: the use or attempted use of physical force" and, therefore, finding the defendant's argument failed that the predicate offense must also contain a "domestic relationship" element); **accord United States v Barnes**, 295 F.3d 1354 (D.C. Cir. 2002); **United States v Kavoukian**, 315 F.3d 139 (2d Cir. 2002). Nor does Combs any longer argue that he did not knowingly and intelligently waive his right to counsel such that the government cannot satisfy subsection (B)(i)(I). **See** Exhibit 1. Moreover, with regard to subsection (B)(i)(II), the evidence offered by the government concedes both that Combs's guilt as to the predicate offense was determined by a judge, and that Combs did <u>not</u> knowingly and intelligently waive any right to have his guilt determined by a jury. **Cf. United States v. Jennings**, 323 F.3d 263, 275-76 (4th Cir. 2003) (finding the defendant had knowingly and intelligently waived his right to a jury trial after review of the procedure routinely employed by the judicial officer who convicted the defendant disclosed that such judicial officer routinely advised defendants of their constitutional rights before proceeding to a bench trial).

Therefore, the only issue before the court is whether the predicate offense for the crime for which Combs is herein charged is one "for which a person was entitled to a jury trial in the jurisdiction in which the case was tried." **See** 18 U.S.C. § 921(a)(33)(B)(i)(II); **cf. United States v. Frechette**, 372 F. Supp. 2d 669, 674 (D. Me. 2005) (holding that, because Congress expressly required determination of whether a defendant was entitled to a jury trial under the laws of the convicting jurisdiction, the court must determine whether a waiver of a jury trial right was "knowing and intelligent" under the laws of the convicting jurisdiction).

Under Kansas law in 1997, Combs's offense of conviction, battery, was a Class B misdemeanor. Kan. Stat. Ann. § 21-3412(b) (1997). The authorized punishment for a Class B misdemeanor conviction was (i) a fixed term of imprisonment not to exceed six months, Kan. Stat. Ann. § 21-4502(1)(b) (1997); and (ii) a fine not to exceed $1,000.00, Kan. Stat. Ann. § 21-4503a(b)(2) (1997). All trials in Kansas's municipal courts are to the court. Kan. Stat. Ann. §§ 12-4502, 22-3404(3) (1997); **cf. *City of Wichita v. Rice***, 889 P.2d 789, 793-94 (Kan. Ct. App. 1995) (construing Kan. Stat. Ann. § 22-3404(5) (requiring trials of traffic infraction cases to be to the court) as narrowing two other conflicting statutory sections stating the defendant's appeal of a municipal court conviction for a traffic infraction could be tried to a jury; and thus holding the defendant was not entitled to a jury). Jury trials are only available to a defendant upon appeal of a municipal court judgment to a district court, and upon such appeal, the case may be tried *de novo* to a jury. Kan. Stat. Ann. §§ 12-4601, 22-3609(4), 22-3610 (1997). **See generally *M.S. News Co. v. Casado***, 721 F.2d 1281, 1293-94 (10th Cir. 1983) (discussing the State of Kansas's two-tier system).

Again, 18 U.S.C. § 921(a)(33)(B)(i)(II) specifically states:

> in the case of a <u>prosecution</u> for an offense described in this paragraph <u>for which a person was entitled to a jury trial</u> in the jurisdiction in which the case was tried, either
>
> > (aa) the case was tried by a jury, or
> >
> > (bb) the person knowingly and intelligently waived the right to have the case tried by a jury, by guilty plea or otherwise."

18 U.S.C. § 921(a)(33)(B)(i)(II) (emphasis added). Therefore, the precise question this court must answer is whether Combs was entitled to a jury in the **prosecution** of the battery offense. As discussed above, in the prosecution of the offense of battery, the Kansas legislature had declared that proceedings at the municipal court were to the court. A trial by jury was only available to Combs upon appeal following the state's successful prosecution of him for the offense; though such trial by jury was available to him "regardless of lack of error or the nature of his plea in the lower court." ***State v. Parker***, 516 P.2d 153, 157 (Kan. 1973). The undersigned magistrate judge finds that, in the State of Kansas's <u>prosecution</u> of Combs

5

for the crime of battery, Combs was not entitled to a trial by jury.  **Accord *Artis***, 132 Fed. Appx. at 484 (finding the defendant did not have a right to a jury trial where Virginia law provided for an initial proceeding only before the court, and a jury trial was only available upon the appeal of a conviction).  This result is not contrary to Congress's intent:  the "express language [of 18 U.S.C. § 921(a)(33)(B)(i)(II)] conveys Congress'[s] recognition that some domestic violence offenses do not carry with them the entitlement to a jury trial even though a conviction results in the prohibition of firearm possession." ***United States v. Chavez***, 204 F.3d 1305, 1314 (11th Cir. 2000).

Combs cites to ***Glover v. United States***, 531 U.S. 198 (2001), in urging the court to find Combs had a right to trial by jury in the prosecution of the battery offense under the United States Constitution.  Specifically, Combs cites to dictum that decisions of the United States Supreme Court "on the right to jury trial in a criminal case . . . have limited the right to jury trial to offenses where the potential punishment was imprisonment for six months or more." *Id.* at 203 (**citing *Argersinger v. Hamlin***, 407 U.S. 25, 29 (1972) (holding the petitioner who was convicted of a petty offense punishable by imprisonment of up to six months was entitled to court-appointed counsel because the right to counsel extends to any offense for which imprisonment may be imposed) (**in turn citing *Duncan v. Louisiana***, 391 U.S. 145 (1968) [holding the right to trial by jury extends only to trials for non-petty offenses punishable by more than six months of imprisonment]).  Combs interprets this dictum as declaring that, because his potential punishment was imprisonment of up to six months, the possibility that he could have received the highest allowable sentence of six months brought his sentence within such statement and, therefore, Combs was entitled to a jury trial in the prosecution of the battery offense in the Kansas Municipal Court.

Ignoring the fact that ***Glover*** was decided two and one-half years following Combs's conviction, the undersigned magistrate judge finds Combs's argument meritless.  ***Glover*** is not announcing a new rule in contravention of ***Duncan***.  Instead, the cited dictum from ***Glover*** is used to distinguish between the rights to jury trial and to assistance of counsel under the Sixth Amendment, as applied to the States by reason of the Fourteenth Amendment.  **See also *Argersinger***, 407 U.S. at 29-30 (noting "the right to trial by jury has a different genealogy.

. . and there is historical support for limiting the 'deep commitment' to trial by jury to 'serious criminal cases'"). The undersigned magistrate judge agrees with the government that **Duncan** is both authoritative and dispositive.

> In **Blanton v. City of North Las Vegas**, 489 U.S. 538, . . . (1989), however, the Court reaffirmed that "there is a category of petty crimes or offenses which is not subject to the Sixth Amendment jury trial provision." *Id*. [at 541] (citation omitted). The [C]ourt made clear the distinction between a petty and serious offense lies in the "objective indications of the seriousness with which society regards the offense," and that the most important objective indication is "the severity of the maximum authorized penalty." *Id*. . . . (citations omitted). A maximum authorized prison term of more than six months implicates the right to a jury trial, while a term of six months or less creates a presumption of no jury trial right. *Id*. at [542-43]. A defendant facing a maximum possible term of six months or less may still be entitled to a jury trial "if he can demonstrate that any additional statutory penalties, viewed in conjunction with the maximum authorized period of incarceration, are so severe that they clearly reflect a legislative determination that the offense in question is a 'serious' one." *Id*. at [543].

**Richter v. Fairbanks**, 903 F.2d 1202, 1204 (8th Cir. 1990) (finding potential punishment of fifteen-year license revocation together with maximum six month prison term makes a third offense driving while under the influence a serious crime). The offense with which Combs was convicted had a statutory maximum term of imprisonment of six months or less. Kan. Stat. Ann. § 21-4502(1)(b) (1997). Combs cites to no potential additional statutory penalty that rebuts the presumption that the offense of conviction was "serious," as opposed to "petty." The undersigned magistrate judge concludes Combs's offense of conviction is a petty offense. A review of Kansas law does not compel a different result. **See State v. Jones**, 879 P.2d 1141, 1142 (Kan. Ct. App. 1994) ("We conclude, as did the court in **Irving**, that a defendant has a constitutional right to be tried by a jury of his or her peers where the offense charged is punishable by imprisonment for more than six months.") (**citing State v. Irving**, 533 P.2d 1225 (Kan. 1975)). Therefore, Combs's argument fails that the United States Constitution granted him a right to trial by jury for the offense of battery.

Upon consideration,

**IT IS RECOMMENDED TO JUDGE LAURIE SMITH CAMP that:** defendant Richard A. Combs's motion to dismiss (Filing No. 12) be denied.

## ADMONITION

Pursuant to NECrimR 57.3 any objection to this Report and Recommendation shall be filed with the Clerk of the Court within ten (10) days after being served with a copy of this Report and Recommendation. Failure to timely object may constitute a waiver of any objection. The brief in support of any objection shall be filed at the time of filing such objection. Failure to file a brief in support of any objection may be deemed an abandonment of the objection.

DATED this 18th day of October, 2005.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge