## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:05CR271** |
| Plaintiff, | ) ) | |
| | ) | **MEMORANDUM** |
| vs. | ) | **AND ORDER** |
| | ) | |
| **RICHARD A. COMBS,** | ) ) | |
| Defendant. | ) | |

This matter is before the Court on the Report and Recommendation (Filing No. 25) issued by Magistrate Judge Thomas D. Thalken recommending denial of the motion to dismiss filed by the Defendant, Richard A. Combs (Filing No. 12). Combs filed a statement of objections to the Report and Recommendation and a supporting brief (Filing Nos. 26, 27) as allowed by 28 U.S.C. § 636(b)(1)(C) and NECrimR 57.3(a).

Combs is charged in a one-count Indictment with possessing four firearms after having been convicted of a misdemeanor crime of domestic violence, in violation of 18 U.S.C. § 922(g)(9). Combs seeks an order dismissing the Indictment, arguing that his predicate domestic violence conviction does not meet the federal definition of such a crime set out in 18 U.S.C. § 921(a)(33)(B)(i)(II)[1] because he was not tried by a jury on the prior conviction and did not waive that right.

---

[1]The definitional section provides:

(33)(A) . . . . [T]he term "misdemeanor crime of domestic violence" means an offense that--
(i) is a misdemeanor under Federal or State law; and
(ii) has, as an element, the use or attempted use of physical force, or the threatened use of a deadly weapon, committed by a current or former spouse, parent, or guardian of the victim, by a person with whom the victim shares a child in common, by a person who is cohabiting with or has cohabited with the victim as a spouse, parent, or guardian, or by a person similarly situated to a spouse, parent, or guardian of the victim

(B)(i) A person shall not be considered to have been convicted of such an offense for purposes of this chapter, unless--
. . . .
(II) in the case of a prosecution for an offense described in this paragraph for which a person was entitled to a jury trial in the jurisdiction in which the case was tried, either
(aa) the case was tried by a jury, or
(bb) the person knowingly and intelligently waived the right to have the case tried by a jury, by guilty plea or otherwise.

18 U.S.C. § 921(a)(33)(B)(i)(II)(aa) & (bb).

Following an evidentiary hearing, Judge Thalken issued a Report and Recommendation in which he framed the issue as whether the predicate domestic violence offense is an offense for which one is entitled to a jury trial at the prosecution, as opposed to the appellate, stage in the jurisdiction in which the case was brought. (Filing No. 25, at 4 & 5). After a thoughtful analysis, Judge Thalken concluded that Combs's prior conviction was a petty offense, and he was not entitled to a jury trial in the Kansas court. *Id.* at 7. On this basis, Judge Thalken recommended that the Defendant's motion to dismiss be denied.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(C) and NECrimR 57.3(a), the Court shall make a de novo determination of those portions of the report, findings, and recommendations to which the Defendant has objected. The Court may accept, reject, or modify, in whole or in part, the Magistrate Judge's findings or recommendations. The Court may also receive further evidence or remand the matter to the Magistrate Judge with instructions.

## FACTUAL BACKGROUND

The Magistrate Judge provided a detailed account of the events relevant to the Defendant's challenge to the federal Indictment. The Court has considered the transcript of the hearing conducted by Judge Thalken (Filing No. 20). The Court also carefully viewed the evidence (Filing No. 19). Based on the Court's de novo review of the evidence and arguments, and the lack of any objection to the statement of facts, the Court adopts Judge Thalken's factual findings in their entirety.

Briefly, on October 26, 1997, after waiving his right to counsel, Combs was convicted in the Kansas Municipal Court of domestic battery, in violation of section 21-3412a of the Kansas statutes. Combs faced a maximum penalty of not more than six months imprisonment and a fine between $200 and $500. Kan. Stat. § 21-3412a(b)(1) (2004). He was sentenced to two days in jail and six months probation/parole, and he was ordered to pay a $100.00 fine and $20.00 in court costs.

Kansas law provides that a criminal defendant in municipal court must be tried by the court. Kan. Stat. §§ 22-3404(1) & 22-4502 (2004). However, a defendant may request a jury trial in writing within a specified time period. Kan. Stat. § 3404(1). Such a system is referred to as a "two-tiered" system.

## ANALYSIS

The Defendant objects to the following portions of Judge Thalken's Report and Recommendation:

1. pages 6 and 7 - the conclusion that Combs's predicate offense does not rise to the level of a "serious" offense for purposes of the Sixth Amendment right to a jury trial, where Combs faces a lifetime prohibition from possessing firearms; and

2. pages 5 and 6 - the conclusion that Combs is not entitled to a jury trial on his predicate offense because the applicable Kansas statute provides that he is not entitled to a jury trial in the "prosecution" of the offense at the municipal court level.

### *"Serious" Offense*

Combs cites to *United States v. Smith,* 151 F. Supp. 2d 1316 (N.D. Ok. 2001), and *Richter v. Fairbanks,* 903 F.2d 1202 (8th Cir. 1990), arguing that because Combs faces a lifetime prohibition from possessing firearms his predicate offense is a "serious" offense triggering a right to a jury trial under the Sixth Amendment to the United States Constitution. In *Richter,* the defendant was convicted of third offense DWI after a trial to the court. The judge denied Richter's request for a jury trial. *Id.* at 1203. The Eighth Circuit Court of Appeals, in a two-to-one decision written by Chief Judge Donald Lay, concluded that the penalty of a fifteen-year license revocation and the maximum possible six-month term of imprisonment resulted in an indication that the Nebraska legislature considered third offense DWI a "serious" crime. *Id.* at 1204. The Eighth Circuit determined that Richter was denied his Sixth Amendment right to a jury trial and found section 24-536 of the Nebraska Revised

Statutes unconstitutional. *Id.* at 1205. Judge Beam dissented, stating that the Nebraska court's conclusions should be upheld and the offense was petty, as opposed to serious. *Id.* at 1206. The majority reasoned:

> Revocation of a license to operate a motor vehicle very often can work a substantial hardship on its holder. The Nebraska Supreme Court has made clear its view that the long-term revocation of a driver's license for third-offense DWI "is a terrible burden (albeit deserved) on the offender." In view of the high degree to which individuals in a modern society depend upon their automobiles for the pursuit of their livelihood, we must concur with this assessment. By mandating the imposition of such a heavy burden on the third-time DWI offender, in addition to the prison term, the Nebraska legislature manifested the kind of strong disapproval associated with a serious crime.

*Id.* at 1204-05 (citations omitted).

Following the *Richter* analysis, the *Smith* court concluded that a lifetime prohibition of possessing firearms together with a possible six-month term of imprisonment transformed a charge pursuant to 18 U.S.C. § 113(a)(4) into a "serious" crime entitling the defendant to a jury trial. *Smith,* 151 F. Supp. 2d at 1318. Unpersuaded by *United States v. Chavez,* 204 F.3d 1305 (11th Cir. 2000),[2] the *Smith* court reasoned:

> Possession of a firearm for military purposes, self protection and sport has been an important aspect of American life throughout our history. . . . Moreover, the categories of persons prohibited from possessing firearms under 18 U.S.C. § 922(g) and the penalties imposed under 18 U.S.C. § 924

---

[2]The *Chavez* court considered on appeal whether the defendant should have received a jury trial on his charge under 18 U.S.C. § 113(a)(4), punishable by a maximum six months imprisonment and a maximum fine of $5,000. *Chavez,* 204 F.3d at 1309-10. The court recognized the presumption that the offense was petty in nature. *Id.* at 1310. Chavez argued that the offense was "serious" due to additional harsh penalties in the form of conditions of probation including restitution, an additional mandatory term of supervised release of up to one year in a community correctional facility, a possible additional one-year term of imprisonment if he were to violate his supervised release, and the loss of his Second Amendment right to bear arms. *Id.* at 1312. The *Chavez* court, in a detailed discussion, considered each alleged additional penalty. With respect to the asserted right to bear arms, the court noted that Chavez failed to show that his desired gun possession related to a state-run militia. *Id.* at 1313 n.5. The *Chavez* court held that the prohibition of firearm possession by Chavez, after his domestic violence conviction, did not transform the petty offense into a serious offense. Therefore, Chavez was not entitled to a jury trial. *Id.* at 1314.

for violating the prohibition (10 years) demonstrate that Congress views the prohibition as serious.

*Smith,* 151 F.2d at 1317-18.

Turning to Combs's case, following the *Richter* analysis and acknowledging the *Smith* decision, this Court concludes that, at least in this case, a lifetime ban on possession of firearms is hardly as onerous as a fifteen-year driver's license suspension. No evidence was produced showing that Combs needs to possess firearms for any legal purpose, much less any daily activity. *See Chavez,* 204 F.3d at 1313 n.5. Therefore, the Court concludes that Combs's predicate offense is not "serious" and did not entitle him to a jury trial for purposes of the Sixth Amendment.

### *Entitlement to a Jury Trial Under Kansas Law*

Combs argues that he has an absolute right to a jury trial in the Kansas court system under the Kansas statutory scheme. Combs's position is that in a "two-tier" system such as the one used in Kansas, an appeal addressing the issue of a jury trial is merely a procedural formality as opposed to a "true" appeal, and the procedural formality for obtaining a jury trial grants a defendant the absolute right to a jury trial. Combs supported his argument with cited case law; however, the cited cases do not directly address the issue before the Court.

The Court finds this novel argument unpersuasive, particularly after considering the only apparent reported federal case directly on point,[3] *United States v. Artis,* 132 Fed. Appx.

---

[3]The Court acknowledges the recent Report and Recommendation filed by the Honorable F.A. Gossett in *United States v. Estle,* 8:04CR536 (Aug. 10, 2005). Judge Gossett recommended that the defendant's motion to dismiss be granted. Judge Gossett determined that Estle was entitled to a jury trial in his predicate Nevada offense punishable by up to six months in jail and $1,000 fine under *Duncan v. Louisiana,* 392 U.S. 145 (1968), affirmed in *Glover v. United States,* 531 U.S. 198 (2001). The government, through Assistant United States Attorney Michael Wellman, conceded that the potential

483 (4th Cir. 2005).  In *Artis,* the Fourth Circuit Court of Appeals concluded that the defendant's prior misdemeanor conviction for domestic violence qualified as a predicate offense for a federal offense charged under 18 U.S.C. § 921(g)(9), the identical statute at issue in Combs's case.  Artis pleaded guilty to the misdemeanor in a Virginia juvenile and domestic relations court, in which he did not have the right to a jury trial.  Under Virginia Supreme Court Rule 3A:13(a), Artis could have appealed and received a jury trial in a Virginia circuit court.  *Id.* at 484.  Therefore, the Virginia two-tier system is similar to the Kansas system.  *See id.*  The Fourth Circuit held that Artis was not entitled to a jury trial, reasoning that he had no right to a trial before the lower court and did not invoke his right to a jury trial in the state supreme court.  *Id.* at 485.

Also relevant is *United States v. Mendoza,* 1999 WL 89377 (4th Cir. Feb. 23, 1999).  In deciding that a collateral attack on the previous state court conviction would not be entertained in the federal case, the Fourth Circuit considered the defendant's failure to request an appeal triggering his right to a jury trial in a two-tier system similar to that used in Kansas as a waiver of the defendant's right to a jury trial.  *Id.* at \*\*2.

The Court agrees with Judge Thalken's analysis and concludes that the Kansas system of obtaining a jury trial did not entitle Combs to a jury trial before the Kansas

---

Nevada penalty determined that Estle had a right to a jury trial.  This concession, together with the lack of any evidence that Estle was informed of the jury trial right and knowingly waived that right, convinced Judge Gossett that Estle's motion to dismiss should be granted.  This Court, however, respectfully disagrees with Judge Gossett's analysis, which did not analyze the *Richter* case or refer to the *Artis* decision.  Moreover, the Court does not view Judge Gossett's decision as precedential authority, as his Report and Recommendation was never adopted by the district court.  The issue never reached the district judge, the Honorable Joseph F. Bataillon, as the case was dismissed on the government's motion pursuant to Federal Rule of Criminal Procedure 48(a) before Judge Gossett's Report and Recommendation was ripe for review.

municipal court, and he did not invoke his right to a jury trial by following the required procedure of filing a written request.

## CONCLUSION

For the reasons discussed, the Defendant's motion to dismiss is denied.

IT IS ORDERED:

1. The Magistrate Judge's Report and Recommendation (Filing No. 25) is adopted in its entirety;

b. The Statement of Objections to the Report and Recommendation (Filing No. 26) is denied;

3. The Defendant's Motion to Dismiss (Filing No. 12) is denied.

DATED this 1st day of December, 2005.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge